## CEPEDA *v.* ANDINO.

### APPEAL from the District Court of San Juan.

No. 94.—Decided March 20, 1907.

STATEMENT OF FACTS—DOCUMENTS FORMING PART OF JUDGMENT ROLL.—Documents forming part of the judgment roll should not be included in the statement of facts, which should only contain a clear and succinct statement of all the evidence taken at the trial.

APPEAL—NEW TRIAL.—In cases where the court finds it impossible to form a judgment which would permit of a final decision because of the necessity to clear up certain matters of fact, the case should be remanded to the trial court with instructions to proceed to hold a new trial.

The facts are stated in the opinion.

*Mr. Sarmiento* for appellant.

*Mr. Emigdio Ginorio* for respondent.

MR. JUSTICE FIGUERAS delivered the opinion of the court.

Adolfo Andino y Acosta stated in his petition to the District Court of San Juan, dated July 21, 1902, initiating this case, that he desired to establish the ownership of two tracts of land, one which he designated therein with the letter A, the possession of which is recorded in the registry of property,

and the other with the letter B, the possession of which does not appear to be recorded in said registry.

That which he designated with letter B he alleges to be—

"A lot in the *barrio* of Santurce of this city having an area of 7,871 meters, bounded on the north by lands belonging to Félix Manso and Belén Requena; on the south by a parcel of land belonging to Saturnina Farabela (it appears that it should be Zarzuela), Gregorio París and Bartola Canales; on the east by property belonging to the Estate of Guil; and on the west by a parcel of land belonging to Toribio Ceballos  This lot is unencumbered, and part was acquired from Zoila and Antonio Buzó and part from Juan Domingues, and it is valued at $100."

The petition of Andino to establish the ownership was opposed by Amalio Cepeda Lanzó in a complaint dated January 9, 1906, reading as follows:

"First. By deed of August 26, 1902, recorded at folio 150 of volume 49, estate 2102, second entry, Amalio Cepeda Lanzó acquired of Daniel Matos Quiñones a rural estate consisting of 1.5 *cuerdas,* more or less, in the place called Minillas, in the *barrio* of Santurce, in this city, bounded on the north by property belonging to Belén Requena; on the east by property belonging to the Estate of Guil; on the west by property belonging to Bartola Canales and Gregorio París; and on the south by lands of Epafanio Cortijo.

"Second. Adolfo Andino Acosta requests the ownership of the land which he designates by the letter B in his petition initiating this case, and states that it has an area of 7,871 meters, bounded on the north by property belonging to Félix Manso and Belén Requena; on the south by land of Saturnina Zarzuela (*sic*), Gregorio París and Bartola Canales; on the east by the Estate of Guil; and on the west by property of Toribio Ceballos. This description includes the estate which Amalia Cepeda has recorded and a number of other tracts adjoining that of Cepeda, owned by Andino, and it is together with that of Cepeda, which adjoins on the north the property of Félix Manso; on the west that of Toribio Ceballos; on the south propetry of Canales; and on the east an estate belonging to Cepeda, to which it is joined.

"Third. The opposition, therefore, does not comprise the lot designated by letter A in the petition initiating this case nor the tract described, and which is bounded on the north by property of Félix

Manso; on the west by that of Toribio Ceballos and which is that which adjoins on the east the land of Cepeda. Adolfo Andino has no land in this section, which is bounded on the north by property of Belén Requena, now of Rafael López Landrón; on the east by property of the Estate of Guil, now Modesto Bird, Hermino Díaz, José Montilla, Luisa de Lima, and Manuel M. Ginorio, etc. The land thus described belongs to Cepeda, and is the same the ownership of which he has recorded in his name in the registry of property and of which he is in quiet and peaceful possession.

"Therefore the plaintiff prays the court to consider the complaint amended, and, in due time, after evidence shall have been heard, sustain it, and deny the declaration of ownership as to the 1.5 *cuerdas* of land, more or less, the ownership of which the plaintiff has recorded, described in the first statement of facts of this amendment, with the costs against the defendant; the plaintiff not making any opposition to the ownership claimed by the defendant of the land designated by the letter A in his petition initiating this case, nor of the tract referred to in the third statement of fact."

Andino made answer to the complaint in opposition, alleging that the estate, the ownership of which he desires to establish and which is opposed by the plaintiff, has in common only the northern and eastern boundaries, and that the estate to which the ownership sought refers had been acquired by him by purchase from Zolia Buzó with the consent of Antonio Buzó, which estate the said vendor had inherited from her mother, Alejandra Arredondo, who had been enjoying it for more than 30 years as the legal owner thereof, when these proceedings were instituted.

The judge of the District Court of San Juan, after having heard the pleadings, the evidence and the arguments of counsel who appeared on behalf of the parties, rendered judgment on August 21, 1906, holding that "the facts and the law are in favor of the complaint in opposition and the declaration of ownership of the estate in litigation; and therefore it is allowed, with the costs against the defendant."

The defendant, Adolfo Andino, took an appeal from this judgment and filed a brief in this Supreme Court, and both

his counsel and counsel for the respondent, Amalio Cepeda
Lanzó, made their respective arguments at the hearing.

The record contains a statement of facts which does not
conform to the practice recommended by this court in other
cases. Documents of this kind should not contain full copies
of the complaint and answer, nor of the judgment, because all
these matters form part of the judgment roll, as provided by
sections 233 and 299 of the Code of Civil Procedure, and the
statement of the case should be confined to a succinct and
clear statement of the evidence heard at the trial, while the
citation of laws therein alleged to have been violated is not
proper either, as it represents a work which should be re-
served for the brief which the appellant should file in this
court.

But notwithstanding these faults it is a fact that the state-
ment is approved by the judge and was made with the inter-
vention of the respondent, and, although we again recommend
the observance of proper practice in order that there may be
uniformity and clearness in documents of this class, we are
compelled to admit the said statement.

It is impossible for us to have a clear and distinct under-
standing of the matter involved from reading the record be-
fore us.

The amended complaint in opposition to the ownership
sought states in one part that it does not refer to the tract
designated by the defendant with the letter A in his petition
initiating this case, nor to the tract described, which adjoins
on the north property of Félix Manso; on the west property
of Toribio Ceballos, which is the tract adjoining the land of
Cepeda on the east, and, neverthless, it is sought in the prayer
that the ownership of the tract of land which he has recorded
in the registry and described in the first statement of the
amended complaint be admitted, while, as a matter fact, a
tract of land is described therein which is not bounded, on
any side, by property belonging to Félix Manso, nor to Tori-
bio Ceballos.

The defendant, now the appellant, says in his brief, in paragraph 2:

"The tract, the declaration of ownership of which the plaintiff opposes, is that bounded on the north by property belonging to Belén Requena; on the south by property of Saturnina Zarzuela and Gregoria París; on the east by the land of the Estate of Guil; and on the west by property of the defendant formerly belonging to Juana Domínguez."

The confusion observed may be due to the fact that Cepeda may have sold a number of parcels of land between 1902, when he alleges he purchased the land, and 1906, the date of his amended complaint, thus changing the boundaries.

For the sake of clearness the boundaries of the parcel of land under discussion should also have been given when he filed his amended complaint, and the determination of such boundaries would have tended to show his right by identifying the portion mentioned.

Nor does the expert of the plaintiff, José Claudio Riera, in any way elucidate these points with his plan, certificate and testimony at the hearing, because he confines himself to a statement that he surveyed two parcels of land on May 30, 1901, by order of Andino, of which survey he gave him a certified copy, which the latter did not present at the trial and which might have cleared up doubtful points, and that one of these parcels he afterwards surveyed again by order of Cepeda.

If we examine the evidence of the defendant Andino it will appear that he derives his right from a private contract of sale executed on June 18, 1890, by Zoila Busó. This contract states the area of the parcel sold, that is to say, 1.5 *cuerdas* of land, and the boundaries are fixed by the four cardinal points, but it is said to be situated in Ballosa, perhaps meaning Bayola, but at any rate as the estate of the plaintiff Cepeda, is in the place called Minillas, this differ-

ence in the name of the district also causes some confusion in the elucidation of this matter.

Subsequently, the vendor, Zoila Busó, in giving her testimony at the trial, no longer determines the boundaries which she fixed in the sale referred to, but alleges that she possessed lands in Santurce "in the lower part to the left, straight along the Park Road, turning to the right a little above the back part of the cemetery, and then when the front of the church is reached, turning down to the right, and then, instead of turning to the right, turning to the left," etc.

This testimony does not contribute much to the elucidation of the facts, and as the other witnesses add little on the point of the identification of said parcel of land, it is impossible to form a judgment which would permit of a proper decision being rendered.

Now then, the Act of the Legislative Assembly of this Island approved March 8, 1906, which went into effect on April 1 of the same year, amended section 306 of the Code of Civil Procedure and authorized this Supreme Court to remand the case for a new trial in the court below when it is necessary that some matters of fact be ascertained, and availing itself of this power so ordered in the case of *Ramón Dapena* v. *The Estate of Juan Antonio Dominici y Santi*, decided February 14 last, in which the opinion was delivered by Mr. Justice MacLeary.

In this case justice demands that the same thing be done in order that the rights of neither party be impaired owing to a lack of elucidation of the important facts upon which the litigation is based.

Therefore, the case is remanded to the District Court of San Juan for a new trial.

*New trial ordered.*

Chief Justice Quiñones and Justices Hernández, MacLeary and Wolf concurred.